**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAWN M. PULLANO, | DOCKET NUMBER |
| Appellant, | CH-3443-21-0270-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: September 30, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dawn M. Pullano</u>, Oak Forest, Illinois, pro se.

<u>Rebecca L. Stephenson</u>, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the administrative judge's findings that the appellant failed to nonfrivolously allege that she recovered sufficiently to return to regular duty and that the agency improperly denied her request for restoration based on lack of available work within her restrictions, MODIFY the initial decision to supplement the administrative judge's jurisdictional analysis, and otherwise AFFIRM the initial decision, still finding that the Board lacks jurisdiction over the appeal.

## BACKGROUND

The appellant was employed as a City Carrier at the Mount Greenwood Post Office in Chicago, Illinois. Initial Appeal File (IAF), Tab 1 at 17. In January 2009, the appellant sustained an on-the-job injury that impacted the use of her hands. IAF, Tab 12 at 4-5. In April 2009, the Office of Workers' Compensation Programs (OWCP) accepted her claim for occupational disease based on her January 2009 injury. *Id*. The appellant held modified limited-duty assignments as a Lobby Greeter in February 2018, and a Customer Care Representative in December 2018. *Id.* at 127-29. According to the appellant, the agency withdrew its offer of a modified limited-duty assignment in July 2020 due to lack of available work based on her existing medical restrictions, and she was not offered a compatible position thereafter. IAF, Tab 1 at 8-9, Tab 12 at 2-3.

She indicated that the agency did not conduct a proper search of positions that could comply with her medical restrictions. IAF, Tab 12 at 2-3.

The appellant filed the instant appeal with the Board, alleging that the agency failed to restore her to duty in a position consistent with her medical restrictions related to her on-the-job injury. IAF, Tab 1 at 8-9. In its initial response to the appeal, the agency noted that the appellant's OWCP file from the Department of Labor was "highly relevant" to the case, but that the appellant had not responded to its request to authorize the release of her file. IAF, Tab 5 at 6. During a telephonic status conference, the appellant refused to authorize the release of her OWCP file on the grounds that the entirety of her medical records is not relevant. IAF, Tab 10 at 1. The administrative judge then issued an order that apprised the appellant of the elements and burden of proving jurisdiction over a restoration appeal, and ordered her to file evidence and argument on the jurisdictional issue. IAF, Tab 11. The appellant responded that she sustained an on-the-job injury and provided medical documentation but the agency took away her modified assignment in July 2020. IAF, Tab 12 at 1-3. The appellant submitted documents pertaining to her 2009 OWCP claim and subsequent disciplinary actions taken against her by the agency, which resulted in her filing several grievances. *Id*. at 4-129. The agency stated that, because the appellant refused to provide updated medical information and authorize the release of her OWCP file, the agency was unable to respond to the restoration claim. IAF, Tabs 15, 17. The appellant responded that the entirety of her medical records is not relevant and again refused to authorize the release of her OWCP file. IAF, Tabs 16, 18.

Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 20, Initial Decision (ID) at 1, 7. Specifically, he found that the appellant failed to nonfrivolously allege that she has recovered sufficiently to return to regular duty; that the agency improperly denied her request for restoration based on lack of

available work within her restrictions; and that the denial was arbitrary and capricious. ID at 5-6. He noted that, in the absence of jurisdiction, the Board could not address the appellant's discrimination claim. ID at 6-7.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. She argues that the agency should not have taken her job away in July 2020, and that the agency did not provide work for her that was within her medical restrictions. *Id*. at 4. She also argues that she should not be expected to provide the agency with her medical records and that the agency harassed her because of her on-the-job injury. *Id*. The agency has filed a response, PFR File, Tab 3, to which the appellant has replied,[2] PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Federal Employees' Compensation Act (FECA) and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, among other things, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.301. Partially recovered employees are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.102. OPM's regulations require that agencies "make every effort to restore in the local commuting area, according to

---

[2] The appellant provided a copy of a December 23, 2020 decision on her Step B grievance. PFR File, Tab 4 at 9-11. That document is already in the record, IAF, Tab 1 at 19-21, and thus, it is not new evidence, *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." *Kingsley*, 123 M.S.P.R. 365, ¶ 10; 5 C.F.R. § 353.301(d). The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Kingsley*, 123 M.S.P.R. 365, ¶ 10; 5 C.F.R. § 353.304(c).

To establish jurisdiction over a claim of a denial of restoration as a partially recovered employee, an appellant is required to make the following nonfrivolous allegations: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d). *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016); 5 C.F.R. § 1201.57(a)(4), (b). Once an appellant establishes jurisdiction, she is entitled to a hearing at which she must prove the merits of her restoration appeal, i.e., all four of the above elements, by a preponderance of the evidence. *Kingsley*, 123 M.S.P.R. 365, ¶¶ 11-12; 5 C.F.R. § 1201.57(c)(4).

Here, it is undisputed that the appellant had an approved OWCP claim and that she was absent from work due to an injury that impacted the use of her hands. We find that the appellant nonfrivolously alleged the first element of her partial restoration claim—that she was absent from her position due to a compensable injury. The administrative judge found, however, that the appellant failed to nonfrivolously allege that she recovered sufficiently to return to regular duty; that the agency improperly denied her request for restoration based on lack of available work within her restrictions; and that the denial was arbitrary and capricious. ID at 6; IAF, Tab 12. For the following reasons, we vacate the administrative judge's findings that the appellant failed to nonfrivolously allege

that she recovered sufficiently to return to regular duty and that the agency improperly denied her request for restoration based on lack of available work within her restrictions, which rephrased the jurisdictional elements, and we find instead that the appellant nonfrivolously alleged the second and third elements of her partial restoration claim—that she recovered sufficiently to return to work in a position with less demanding physical requirements than those previously required of her, and that the agency denied her request for restoration. We affirm the finding that the appellant failed to nonfrivolously allege the fourth element of her partial restoration claim—that the denial was arbitrary and capricious.

The record reflects that, after OWCP approved her claim for a compensable injury, the agency offered the appellant modified limited-duty assignments, including Lobby Greeter in February 2018 and Customer Care Representative in December 2018, both of which the appellant accepted. IAF, Tab 12 at 127-29. However, the appellant indicates that the agency did not provide her with work within her medical restrictions from July 2020 onward, even though she expressed to the agency that she wished to return to work. PFR File, Tab 1 at 4; IAF, Tab 1 at 8-9, Tab 12 at 2-3. In her jurisdictional response, the appellant included a copy of a December 23, 2020 decision on her Step B grievance, finding that the agency violated a section of the Employee and Labor Relations Manual when it withdrew an offer of a modified limited-duty assignment. IAF, Tab 12 at 72-75.

The Board has found that an agency's rescission of a previously provided restoration or the discontinuation of a limited-duty position may constitute an appealable denial of restoration. *Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶ 9 (2012). Therefore, we find that the appellant has made a nonfrivolous allegation that the agency denied her request for restoration when it discontinued her former limited-duty assignment in July 2020.

However, regarding the fourth jurisdictional element, the mere fact that the agency discontinued the appellant's former limited-duty assignment does not

necessarily mean that it was acting arbitrarily and capriciously. *See Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 10 (2013). After the initial decision in this appeal was issued, the Board issued a decision in *Cronin v. U.S. Postal Service*, 2022 MSPB 13, which clarified when a denial of restoration may be arbitrary and capricious.[3] The Board in *Cronin* held that, although agencies may undertake restoration efforts beyond the minimum effort required by OPM under 5 C.F.R. § 353.301(d), an agency's failure to comply with self-imposed obligations cannot itself constitute a violation of 5 C.F.R. § 353.301(d) such that a resulting denial of restoration would be rendered arbitrary and capricious for purposes of establishing Board jurisdiction under 5 C.F.R. § 353.304(c). *Cronin*, 2022 MSPB 13, ¶ 20. Rather, as explained in *Cronin*, the issue before the Board is limited to whether the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for any such vacancies. *See Cronin*, 2022 MSPB 13, ¶ 20 (citing *Sanchez v. U.S. Postal Service*, 114 M.S.P.R. 345, ¶ 12 (2010)).

Additionally, the Board in *Cronin* clarified that claims of prohibited discrimination or reprisal cannot serve as an "alternative means" of showing that a denial of restoration was arbitrary and capricious. *Cronin*, 2022 MSPB 13, ¶ 21. The Board acknowledged that an agency's failure to comply with section 353.301(d) may well be the result of prohibited discrimination or reprisal for protected activity; however, whether that is so is immaterial to the question of whether a denial of restoration is arbitrary and capricious for purposes of section 353.304(c). *Id.*

---

[3] Because the Board issued *Cronin* while this appeal was pending, it is given retroactive effect and applies to this appeal. *See Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 752 (1995) (finding that, when a court decides a case and applies a new legal rule to the parties before it, it must apply the same new legal rule to all pending cases, whether or not those cases involve events that occurred prior to the announcement of the new rule).

On review, the appellant appears to be alleging that her denial of restoration was arbitrary and capricious, and that the agency discriminated against her based on disability. She claims that the agency representative should have been able to obtain her medical information from the OWCP and that it was the agency's responsibility to locate a position that was within her medical restrictions, which the agency failed to do. PFR File, Tab 1 at 4, Tab 4 at 5-6. The agency explained, however, that, pursuant to an August 18, 2014 Memorandum of Understanding between the agency and the Department of Labor, the agency may only obtain OWCP records for a restoration case if the appellant executes a FECA release, which the appellant refused to do. IAF, Tab 5 at 5-6.

The agency may discontinue a modified assignment if the duties of that assignment actually went away or if the agency needed to reassign them to non-limited duty employees who would otherwise not have enough work to do. *Paszko*, 119 M.S.P.R. 207, ¶ 10. According to the March 2, 2021 final agency decision in the appellant's equal employment opportunity (EEO) complaint, the appellant was provided with modified limited-duty assignments as a Customer Care Representative and Lobby Greeter, but the outbreak of COVID-19 eliminated the need for such positions throughout the agency. IAF, Tab 2 at 16-18. The agency was under no obligation to make work for the appellant or to pay the appellant when there was not enough meaningful work for her to do. *See Fitzsimmons v. U.S. Postal Service*, 99 M.S.P.R. 1, ¶ 11 (2005) (noting that the appellant's contention that she was informed no work was available upon making request for restoration was not a nonfrivolous allegation that denial of restoration was arbitrary and capricious). Furthermore, as the administrative judge noted, the appellant was unwilling to allow the agency to obtain her OWCP file in order to allow the agency to evaluate her current medical restrictions and any potential compatible job vacancies. ID at 6. Therefore, even though the agency was required to search throughout the entire local commuting area for alternative assignments, and the appellant suggests that it did not, its failure to do

so does not necessarily render the denial of restoration arbitrary and capricious if it has a sufficient explanation. *See Paszko*, 119 M.S.P.R. 207, ¶ 10. We therefore find that the appellant has failed to nonfrivolously allege that the agency's discontinuation of her assignment was arbitrary and capricious.

In the absence of an otherwise appealable action, we lack jurisdiction to address the appellant's claim of disability discrimination. IAF, Tab 1 at 9, Tab 12 at 2-3; *see McDonnell v. Department of the Navy*, 84 M.S.P.R. 380, ¶ 11 (1999) (finding that, in the absence of an otherwise appealable action, the Board lacked jurisdiction to review the appellant's claim of disability discrimination or reprisal for EEO activity). Finally, the appellant's claim that the administrative judge was biased in favor of the agency and that he ruled against her due to her failure to sign the FECA release is unavailing.[4] PFR File, Tab 4 at 5-6. The fact that an administrative judge ruled against the appellant is insufficient evidence to show bias. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 11 (2004).

Thus, we affirm the dismissal of this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[4] The Board has long held that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002). The appellant has not identified any conduct by the administrative judge that would reflect antagonism or favoritism, nor has she raised any allegations that would support a finding of bias. Thus, we find that the appellant has not overcome the presumption of honesty and integrity that accompanies an administrative judge.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.